luded to was in execution of a judgment in an action entitled Maltesi v. Chirico. Prior to this time, in March, 1906, a petition in bankruptcy had been filed against the judgment debtor, Chirico, and the sheriff paid over the $800 received from Cagliostro to the trustee in bankruptcy. Upon learning that this had been done, the respondent advised a reclamation proceeding in the bankruptcy court, and later obtained an order requiring the trustee to show cause why he should not pay over the money to Cagliostro. On October 29, 1906, an order in that proceeding was entered, directing that this sum of $800 be paid over "to said petitioner, Antonio Cagliostro, or his attorney." The respondent received from the trustee a check for this amount, and deposited said check in his personal account in the Citizens' Central National Bank on November 1, 1906. He did not pay the said sum to Cagliostro until December 16, 1907. The charge is that he was guilty of fraud, deceit, malpractice, and gross unprofessional conduct in his office as an attorney and counselor at law, in that he concealed the receipt of the money from his client, retained and used it for his own purposes, and falsely represented to his client that it had not been collected. The referee has found that the respondent received and retained this money belonging to his client without authority, and concealed the fact until he paid it on December 16, 1907, and that he dealt with it as his own during this period to the extent indicated. He further reported: "I do not find that he falsely stated that he had not received the money." We have carefully examined the record, and are satisfied that until a few days before the payment on the 16th of December, 1907, Cagliostro was entirely without knowledge that the respondent had collected this sum over a year prior thereto. The respondent claims that immediately after its collection by him he informed his client of that fact, and that he told respondent to keep possession of it until certain matters were disposed of. Respondent does not claim that it was a loan to him, or that he had any right to use it, and asserts that during all this period he made no use of it, but retained it as custodian for Cagliostro. The respondent's testimony is so full of glaring inconsistencies, of utter improbabilities, and in vital matters so completely contradicted by documentary evidence, that we agree with the referee that his claim is incredible. The referee has given him the benefit of a doubt in regard to the charge of falsely stating to his client that he had not received the money, which we do not ourselves entertain. We think the evidence warrants the conclusion that the respondent has been guilty of such conduct as demonstrates his unfitness for the practice of the profession of the law, and he is accordingly disbarred. All concur.

GIMBOL v. LAKE SHORE & M. S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. February 3, 1910.) Action by Josephone Gimbol, as administratrix, etc., against the Lake Shore & Michigan Southern Railway Company. No opinion. Plaintiff's exceptions overruled, motion for new trial de-

nied, with costs, and judgment directed for the defendant upon the nonsuit, with costs.

GLEESON, Appellant, v. GLEESON, Respondent. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Ellen Gleeson against Michael Gleeson. F. B. Maerkle, for appellant. D. A. Levien, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

GLENDON, Appellant, v. REMINGTON & SHERMAN CO., Respondent. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Thomas Glendon against the Remington & Sherman Company. L. Steckler, for appellant. F. V. Johnson, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

GODLEY v. CRANDALL & GODLEY CO. (Supreme Court, Appellate Division, First Department. February 11, 1910.) Action by Elizabeth McM. Godley against the Crandall & Godley Company.
PER CURIAM. Motion denied, without costs, and without prejudice to application by defendant to the Special Term for reargument of motion for appointment of receiver as to specific property. Settle order on notice. See, also, 119 N. Y. Supp. 1126.

GOTTLIEB, Respondent, v. HOROWITZ, Appellant. (Supreme Court, Appellate Division, First Department. March 11, 1910.) Action by Kalman Gottlieb against Fanny Horowitz. C. S. Petrasch, for appellant. R. H. Ernest, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

GORDON, Respondent, v. NEW YORK EVENING JOURNAL PUB. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Hugh F. Gordon against the New York Evening Journal Publishing Company. No opinion. Judgment and order affirmed, with costs. See, also, 127 App. Div. 353, 111 N. Y. Supp. 574.

GORDON et al., Appellants, v. WOLDOWSKY, Respondent. (Supreme Court, Appellate Division, First Department. October, 1909.) Action by Louis Gordon and others against Max Woldowsky, trading under the name of Hudson Live Poultry Company.
PER CURIAM. Order affirmed, with $10 costs and disbursements.

GORHAM CO., Respondent, v. UNITED ENGINEERING CO., Appellant. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by the Gorham Company against the United Engineering Company. E. A. Philbin, for appellant. D. R. Almy, for